PER CURIAM.
This disciplinary proceeding by The Florida Bar against Robert Howard Burns, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee made findings of fact and offered the following recommendations as to guilt or innocence:
I recommend that the respondent be found guilty of the following violations of the Code of Professional Responsibility: Disciplinary Rule 1-102(A)(1), a lawyer shall not violate a disciplinary rule; Disciplinary Rule 1-102(A)(3), a lawyer shall not engage in illegal conduct involving moral turpitude; Disciplinary Rule 1-102(A)(5), a lawyer shall not engage in conduct prejudicial to the administration of justice; and Disciplinary Rule 1-102(A)(6), a lawyer shall not engage in any other conduct that adversely reflects upon his fitness to practice law.
In addition, I recommend the respondent be found guilty of violating Florida Bar Integration Rule 11.02(2), violation of the Code of Professional Responsibility ... is a cause for discipline and Florida Bar Integration Rule 11.02(3)(a), the commission by a lawyer of any act contrary to honesty, justice or good morales, whether the act is committed in the cause of his relations as an attorney or otherwise, ... constitutes a cause for discipline.
The referee recommends that respondent be disbarred and that he not be eligible for reinstatement for a period of not less than twenty (20) years.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Robert Howard Burns, is hereby disbarred from the practice of law in the State of Florida for a period of not less than twenty (20) years, effective immediately.
Costs in the amount of $427.50 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OV-ERTON, EHRLICH and SHAW, JJ., concur.